# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Zallassio Sain,
      Plaintiff,

      v.                        Case No. 21-cv-145

Dane County and
Deputy Adam Mattson,
In his individual capacity,
      Defendants

# COMPLAINT

## I. NATURE OF ACTION

101. This is a civil action brought by the Plaintiff, Zallassio Sain, pursuant to 42 U.S.C. § 1983, in order to obtain damages for the injuries he sustained as a result of Deputy Mattson's wanton, sadistic, and unconstitutional use of force against him.

## II. JURISDICTION AND VENUE

201. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) (42 U.S.C. § 1983 jurisdiction).

202. The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

### III.   PARTIES

A.   <u>Plaintiff</u>

301. The Plaintiff is an adult resident of Illinois.

302. The Plaintiff was incarcerated during the acts complained of, but at the time of the filing of this Complaint, he is not incarcerated.

B.   <u>Defendant</u>

303. The Defendant Dane County is a Wisconsin unit of local government with the capacity to sue and be sued in this court.

304. On information and belief, Defendant Adam Mattson is an adult resident of Wisconsin.

305. At the times relevant to this lawsuit, Defendant Mattson was employed by Dane County as a deputy working as a correctional officer at the Dane County Jail.

306. At all times relevant to this action, in regard to the conduct complained of herein, Defendant Mattson was acting within the scope of his employment within the meaning of §895.46 Wis. Stats.

307.　At all times relevant to this action, in regard to the conduct complained of herein, Defendant Mattson was acting under color of state law within the meaning of 42 U. S. C. § 1983.

308.　Dane County is responsible to defend and indemnify Adam Mattson pursuant to Wisconsin Statute § 895.46.　Dane County is named as Defendant in this action only as a result of its status as an indemnifier; the Plaintiff is not, at this time, making any claim against Dane County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

### IV.　ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. In September, 2018, Zallassio Sain was incarcerated in the Dane County Jail while his extended supervision was being revoked.

402.　On September 16, 2018, Mr. Sain had a scheduled visit with family.

403.　The visit was scheduled to last for 45 minutes.

404.　Due to some confusion on the part of the jail staff, Mr. Sain was not brought down for his visit until half an hour of his visitation time had already elapsed.

405.　Deputy Stumpf, who belatedly brought Mr. Sain to the visitation room, explained the situation to the visitation officer and asked her to give Mr.

Sain an extra half hour on his visit to make up for the time he had missed through no fault of his own.  She said, in front of Mr. Sain, that she would.

406.  After fifteen minutes of visiting, Mr. Sain was told that his visit was over.

407.  Mr. Sain protested that he was supposed to get some extra time, but the visitation officer mistakenly thought that she had already given him that time and required his visitors to leave.

408.  At the Dane County Jail, when visitation is over, first the visitors leave, and the inmates remain seated in the visitation room until all the visitors are gone; a deputy then calls the inmates out by their housing unit location and escorts them back to their cells.

409.  Mr. Sain heard the call for 6 E (his unit) and left the visitation room.

410.  The officer who had called for the 6 E inmates was Deputy Adam Mattson.

411.  Deputy Mattson asked if there were any other 6 E inmates in the visitation room.

412.  Mr. Sain did not reply because he did not think Deputy Mattson was directing his question to him.

413.  Then Deputy Mattson yelled at Mr. Sain, "You hear me talking to you?"

4

414. Mr. Sain said that he thought that was Deputy Mattson's job, not his.

415. That started a somewhat contentious conversation as Deputy Mattson accompanied Mr. Sain back toward his cell.

416. On the way, Deputy Mattson and Mr. Sain encountered Deputy Stumpf, who asked what the problem was.

417. Mr. Sain explained that he had not been given the 30 minute extension on his visit, and he was unhappy about that.

418. Deputy Stumpf offered to take him back to visitation to try to straighten out the situation, but Mr. Sain said that it was too late, as his visitors had already left, and said to Deputy Stumpf, "Just take me back to my cell."

419. At that point, Deputy Mattson said, no, he was going to take Mr. Sain to segregation for having been disrespectful to him.

420. Deputy Mattson then handcuffed Mr. Sain's hands behind his back, and began escorting him down the hall toward the stairs that lead to segregation in the lockdown block, with Deputy Stumpf following behind.

421. As he was escorting Mr. Sain toward lockdown, Deputy Mattson was bending Zallasio Sain's wrists up in a painful way.

422. Mr. Sain asked him why he was doing that.

423. Deputy Mattson said, "Keep walking," and continued to apply pressure to Mr. Sain's wrists.

424. Mr. Sain told him to stop doing that, but Deputy Mattson continued.

425. As Deputy Mattson and Mr. Sain reached the doorway which opened onto the stairway leading to the lockdown block on the seventh floor, Deputy Mattson pushed Zallassio's wrists up again.

426. Mr. Sain turned right, into the doorway to the stairway leading to the lockdown block on the seventh floor, since that was the way they were going.

427. As Mr. Sain turned towards the stairway, Defendant Mattson grabbed his arms and swung him around, slamming him headfirst into the opposite wall.

428. Mr. Sain lost consciousness and crumpled to the floor with blood streaming down his face.

429. The actions of Deputy Mattson bending Mr. Sain's wrists were not carried out for any valid disciplinary purpose but rather, were a display of sadistic cruelty.

430. The action of Deputy Mattson in slamming Zallasio Sain face first into the wall was not carried out for any valid disciplinary purpose but was further sadistic cruelty.

## V.   VIOLATIONS OF LAW

501.   The conduct of Deputy Mattson in bending Zallasio Sain's wrists and deliberately slamming him headfirst into a wall were acts of wanton cruelty which violated Mr. Sain's right to be free from cruel and unusual punishment, as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

## VI.   DAMAGES

601.   As a result of Defendant Mattson's willful and wanton use of excessive force, the Plaintiff has suffered cruel and unusual punishment, for which he seeks compensatory damages.

602.   As a result of Defendant Mattson's conduct, the Plaintiff experienced physical injury as well as emotional distress, pain, and suffering for which he seeks compensatory damages in an amount deemed just by the Court.

603.   Because the conduct of Defendant Mattson alleged herein was carried out with reckless disregard for the Plaintiff's fundamental rights, the Plaintiff also seeks an award of punitive damages against Defendant Mattson to deter him, and others similarly situated, from similar wrongful acts in the future.

## VII. CONDITIONS PRECEDENT

701. All conditions precedent to this action, within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII. DEMAND FOR JURY TRIAL

801. The Plaintiff hereby demands a trial by jury of all issues triable of right to a jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court grant judgment against the Defendant, awarding him:

901. Monetary damages in an amount that will fairly compensate the Plaintiff for his injuries, and

902. His costs, attorneys' fees and litigation expenses as well as any further relief this Court deems just.

Dated this 3rd day of March, 2021,

Respectfully submitted,

Zallassio Sain, Plaintiff,

By

THE JEFF SCOTT OLSON LAW FIRM, S. C.
ATTORNEYS FOR PLAINTIFF
Jeff Scott Olson
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, Wisconsin 53703
Phone   (608) 283-6001
Fax     (608) 283-0945
Email   JSOlson@scofflaw.com


/s/ *Jeff Scott Olson*
_____
Jeff Scott Olson